UNITED STATES, Appellee

v

MAURICE L. SCHICK, Master Sergeant,
U. S. Army, Appellant

6 USCMA 493, 20 CMR 209

*William C. DuValle, Esq.*, argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel James M. Scott* and *Lieutenant Colonel Harley A. Lanning*.

*Major Merle C. Rideout*, Jr., argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Thomas J. Newton*.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial in Tokyo, Japan, tried, convicted, and sentenced the accused to death for the premeditated murder of eight-year-old Susan Rothschild. Intermediate appellate authorities affirmed the accused's conviction and sentence, and the case was forwarded to this Court for review. Article 67(*b*) (1), 50 USC § 654.

After the appeal was assigned for argument in this Court, appellate defense counsel moved to remand the case to the board of review, or, in the alternative, for a continuance, for the purpose of obtaining a psychiatric examination of the accused by a civilian psychiatrist. We granted a continuance and directed that the findings of the phychiatrist be reported to this Court.

A team of staff psychiatrists and psychologists of the Menninger Clinic examined the accused. Their report says that, in their opinion, the accused was unable to adhere to the right with regard to the offenses charged at the time he committed the crime. They also indicate that they consider the accused "at this time, permanently and incurably ill."

Once an accused has had a fair opportunity at the trial level to litigate the issue of his mental responsibility for an offense and his capacity to stand trial, those issues should, on appeal, be accorded the same treatment as all other contested matters. We mean that

the question should not be tried *de novo* at every appellate level. A day in court means one fair and just trial of contested issues, and, when that has been granted to an accused, he does not have a right to a second trial in an appellate forum.

The unusual circumstances here which prompt us to permit further consideration of accused's sanity merit enumeration. This accused has been sentenced to death for the commission of an atrocious crime. He was tried in Japan where the only civilian medical experts available to him were Japanese. One of the psychiatrists was obliged to testify through an interpreter, and, thus, he may have labored under a rather severe handicap in his ability to convey his findings to the court-martial. Both medical witnesses had a minimum of time to conduct their examinations, and they indicate that during the trial they were handicapped in the development of the bases for their conclusions.

In view of the Menninger report, and the circumstances set out above, we remand the case to the board of review for reconsideration of the question of the accused's sanity. United States v Bell, 6 USCMA 392, 20 CMR 108; United States v Washington, 6 USCMA 114, 19 CMR 240. The board of review will evaluate that report in conjunction with the evidence in the record and with such other psychiatric evidence as it may obtain in an investigation of its own if

**494**

it considers such investigation necessary or desirable. United States v Burns, 2 USCMA 400, 406, 9 CMR 30. In taking this action we are not holding out to accused persons the hope that this Court will require boards of review to become trial forums. Only when a situation is as unusual as this can we be asked to exercise our discretion.

A procedural matter of some significance merits comment. This case reached the Court on mandatory review. As previously noted, appellate defense counsel moved to remand the case to a board of review or, in the alternative, for a continuance until a psychiatric examination could be made and a report filed in this Court. This prayer for relief was unusual. We entertained the motion because of the special circumstances earlier enumerated, and we granted a continuance. After the psychiatric report was received by the Court, the issue was set down for oral argument. Counsel for both parties appeared and in open court indicated that they were prepared to and would argue both the motion to remand and the errors raised on appeal. They were permitted to do so. Consequently, if this case again reaches this Court, no additional arguments will be heard, unless it clearly appears that questions are raised by the decision of the board of review which were not in issue at the time of argument.

To avoid any possible misunderstanding, it should be understood by the board of review that our reference to unusual circumstances is for the purpose of emphasizing that this case is *sui generis*. We express absolutely no opinion on the merits of the accused's defense of insanity. The board of review should consider the entire record, including the recently submitted report, uninfluenced by any proceeding before this Court, or by the procedure directed by us. The responsibility for making appropriate factual findings rests solely with the members of the board of review.

Judges LATIMER and BROSMAN concur.