UNITED STATES, Appellee

v

WALLACE BELL, Private E–2, U. S. Army, Appellant

7 USCMA 744, 23 CMR 208

No. 5316

Decided April 26, 1957

*First Lieutenant Philip L. Evans* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Jackson K. Judy* and *Major Edward Fenig.*

*Captain Thomas J. Nichols* argued the cause for Appellee, United States. With him on the brief were *Colonel J. L. Searles* and *Lieutenant Colonel Thomas J. Newton.*

### Opinion of the Court

GEORGE W. LATIMER, Judge:

This review is from a decision of a board of review which was rendered after proceedings had been taken to comply with our remand in the first appeal, United States v Bell, 6 USCMA

392, 20 CMR 108. The issues in that appeal concerned an accused who had been convicted on a charge of rape but, who was shown to have become insane during, or prior to, the time his case was pending before the board of review. The decision of the board affirmed the court-martial's findings and sentence, and we were confronted with the question of that reviewing body's power to decide the merits of an appeal while the accused was insane. A majority of the Court held the board should proceed and the cause was remanded for reconsideration of the issue of insanity in order that careful thought might be given to the accused's mental responsibility at time of the offense and mental capacity at the time of trial.

The board of review reconsidered the issue as directed and determined that the accused was legally sane on both of the occasions to which its inquiry was directed. Additionally, the board found that the accused was then, and during its initial review of the case, insane. In disposing of the issue, the board again affirmed the findings and sentence of the court-martial and, pursuant to the suggestion volunteered in our original decision, a copy was served upon accused's counsel in the capacity of accused's guardian *ad litem* who, as such, perfected the present appeal in the accused's behalf.

Our present consideration is whether we will affirm or retreat from the position a majority of the Court took in our previous decision. Appellant cites United States v Korzeniewski, 7 USCMA 314, 22 CMR 104, as authority for the proposition that we have overruled the principles we previously proclaimed in the former appeal, and we agree that the cited case is fully supportive of his position. Counsel for the Government advance some grounds to distinguish the two cases, but principally they press on us the argument that the rule announced in United States v Korzeniewski, supra, is bad law and should be overturned. However, all present Judges of the Court participated in the Korzeniewski case and joined in the principle that the proceedings of a board of review must halt if, and when, the accused is determined to be insane. We propose to stand on that principle.

To answer any contention that the principles announced in our previous decisions can be reconciled or distinguished, we quote from the two relevant authorities. In the first appeal of United States v Bell, supra, Judge Brosman said:

"When all is said, the limitations on the power of a board of review to stray beyond the record of trial in acting on findings and sentence convince us that this agency is entitled—on the basis of both theoretical and functional reasons—to review the record of trial of one who has become insane following conviction. Accordingly, we hold that in the present case, no impediment existed . . . as to appellate review by the board. . . ."

That we spelled out a complete reversal of the views expressed above may be gleaned from this quotation taken from United States v Korzeniewski, supra:

". . . The present Court . . . is in agreement that a board of review, with its fact-finding powers, cannot proceed with the review of a case of an insane accused. The appellate review of such a case is tolled. If sanity is subsequently restored, review at that level may then be completed."

The Government with good cause argues that the law should be fixed and relies on the "law of the case" doctrine to support its position that we should not reverse the board of review for following the dictates of our mandate. As a general rule, a question considered and determined on the first appeal of a case is "the law of the case" on the same questions between the same parties on their subsequent appeal. See Annotations 1 ALR 1267 and 67 ALR 1390; 2 Freeman on Judgments, 5th ed, § 639. But the rule is not one of inflexible application and the authorities we prefer to follow state the rule to be that when the law as previously announced is unsound and works a sub-

stantial injustice, it need not be enforced. See Brown v Gesellschaft Fur Drahtlose Tel., M.B.H., 104 F2d 227 (CA DC Cir) (1939), cert denied 307 US 640, 59 S Ct 1038, 83 L ed 1521, and cases cited; Christoffel v United States, 214 F2d 265, 267 (CA DC Cir) (1954), cert denied 348 US 850, 75 S Ct 75, 99 L ed 670, and cases cited. The merits of that rule are clearly apparent in criminal cases. The Korzeniewski opinion establishes unmistakably that the present Judges of the Court are convinced that an incorrect rule of law was promulgated by the decision in the first appeal of the instant case. Had the mandate been phrased to meet the law as we now believe it to be, it would have ordered: (a) a reversal of the decision of the board of review with directions to make findings on the sanity of the accused at the time the board originally heard and decided the appeal; (b) a finding on the insanity of the accused at the time of reconsideration; and (c) a direction to proceed with a determination of other issues if the accused was found sane on reconsideration but stay proceedings if a finding of insanity at that time was reached. Obviously, had the board of review followed the assumed mandate the proceedings would have been stayed, but it was required to proceed under our mandate in the first appeal and it is not to be criticized for the decision it rendered. If fault must be assessed, it should be laid at our door. But when we can correct an error in law made by us prior to the time a conviction becomes final, we should not stand on a doctrine of immutability and permit an erroneous principle to be applied to a single accused, for to do that would deny him equal justice under the law.

What would be the effect, were we to apply the law as it was first announced in this case to the merits of appellant's present appeal? Under the insanity provisions of the Manual for Courts-Martial, United States, 1951, the board of review has broad rights to adjudicate the guilt or innocence of this accused. As the record presently stands, a finding of fact has been made while the accused is insane and at a time when he could not possibly assist his counsel

in the defense of his rights. His liberty is forfeited and his property confiscated while he is mentally incompetent, yet new cases involving other military personnel rendered incompetent by mental incapacity during the appellate processes will be considered in such a manner as to prevent that form of injustice. We instinctively shy away from the flat application of a prior erroneous ruling in the same case when it would work a wrong and apply the law unfairly.

We are not novel in refusing to apply the rule of "the law of the case" in this instance. While the authorities are well divided and perhaps the weight of authority from state jurisdictions is contrary to our conclusion, there is substantial authority which supports our view. The following cited cases refused, upon the second appeal, to stamp as untouchable the erroneous law of the former appeal, when in the meantime there had been a change in the law of the jurisdiction. Johnson v Cadillac Motor Car Co., 261 Fed 878 (CA2d Cir) (1919); compare Cromwell v Simons, 280 Fed 663 (CA2d Cir, (1922); Luminous Unit Co. v Freeman-Sweet Co., 3 F2d 577 (CA7th Cir) (1924), cert denied, 253 US 486, 40 S Ct 482, 64 L ed 1025; American Surety Co. v Bankers' Savings & Loan Ass'n, 67 F2d 803 (CA8th Cir) (1933), cert denied 291 US 678, 54 S Ct 529, 78 L ed 1066; Poe v Illinois Cent. R. Co., 339 Mo 1025, 99 SW2d 82; Malnati v Metropolitan Life Ins. Co., 254 App Div 681, 3 NYS2d 211; In re Reamer's Estate, 331 Pa 117, 200 Atl 35, 119 ALR 589; Steele v Boley, 7 Utah 64, 24 Pac 755; explained in Petty v Clark, 113 Utah 205, 192 P2d 589. Those cases are bottomed on the general principle that when a manifest and far reaching error has been committed on the first ruling, the appellate court has the right and duty to correct it. Under the peculiar circumstances of this appeal, we prefer to apply that doctrine for to stand immovable would permit a discredited principle to support a criminal conviction.

Much is said in the argument of Government counsel that the present rule will needlessly circumscribe it in the

final disposition of cases on appeal and that in some instances the accused will be denied effective appellate rights. In answer to the first assertion, we assume that a stay of proceedings may prevent the findings and sentence from becoming final and that the accused will retain his status of an unsentenced prisoner. Without becoming involved with the methods of handling mentally ill members of the armed services who have committed offenses, we are confident that unless this ward of the Government regains his sanity he can be kept confined so that he will not be freed to prey on society. With that in mind, it appears to us that in fairness and justice and with a view toward keeping the rights of the parties in balance, this accused's last hope for an adequate appeal should not be quashed while he is legally insane even though the Government may be saddled with some additional burden in his incarceration and treatment.

At this time we need not answer the other contention that the rule as now fixed may prejudice the rights of some other accused. The assertion is supported by the arguments that an accused may be entitled to a reversal because of being denied a fair trial and a board of review would be powerless to correct the error because of insanity intervening after his conviction. A reply to that argument may be appropriate when the question is before us properly; but at the moment it is sufficient to say the board of review in the case at bar concluded to affirm the findings and twenty years of the sentence. The accused seeks relief and, for the reasons set out, we conclude he is entitled to have his prayer for reversal of the board of review granted.

The decision of the board of review is reversed. The record is returned to The Judge Advocate General of the Army for action not inconsistent with this opinion.

Judge FERGUSON concurs.

QUINN, Chief Judge (concurring in the result):

In my opinion, United States v Korzeniewski, 7 USCMA 314, 22 CMR 104, did not in any way affect the validity of the earlier decision in this case. All that Judge Brosman and I did in that decision was to return the case to the board of review for consideration of the accused's mental responsibility and capacity, a matter which had had administrative but not judicial attention. That ruling was directly in accordance with our unanimous opinion in United States v Burns, 2 USCMA 400, 9 CMR 30, and, in fact, was supported by a reference to that case. United States v Bell, 6 USCMA 392, 397, 20 CMR 108. See also my opinion in United States v Washington, 6 USCMA 114, 19 CMR 240. Accordingly, I disagree with the implication in the principal opinion that the earlier decision in this case was "bad law."

On reconsideration, the board of review found that the accused was sane at the time of the commission of the offense and at the time of the trial, but that he was insane at the time of its review. In United States v Korzeniewski, supra, the Court held that if a board of review finds the accused is insane at the time of its review, it must stay consideration of the merits of the case. Accordingly, I concur in the result.