UNITED STATES, Appellant

v

EARL L. MOORE, Gunner's Mate (Missiles) Third Class, U. S. Navy, Appellee

16 USCMA 332, 36 CMR 488

No. 19,372

August 19, 1966

*Major Paul F. Henderson, Jr.*, USMC, argued the cause for Appellant, United States.

*Major Brian B. Kent*, USMC, argued the cause for Appellee, Accused.

## Opinion of the Court

KILDAY, Judge:

This case is before us on certification by the Judge Advocate General of the Navy, under the provisions of Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867.

In essence, the question raised is whether the board of review was correct in dismissing the charges, following determination by a majority thereof that the accused was not mentally responsible at the time of the commission of the offense, in lieu of authorizing a rehearing.

We respond in the negative. United States v Thomas, 13 USCMA 163, 32 CMR 163. Cf. United States v Wimberley, 16 USCMA 3, 36 CMR 159; United States v Roland, 9 USCMA 401, 26 CMR 181.

Following his conviction for unpremeditated murder and related offenses,

332

the accused was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for life. The convening authority reduced the period of confinement to twenty-five years and the board of review, as noted above, ordered the charges dismissed. One board member dissented on the ground that he did not believe the issue of sanity was raised at trial. However, on the basis of post-trial psychiatric reports, he would order a rehearing (citing United States v Thomas, supra).

It is unnecessary at this level to determine whether the issue was raised at trial for a board of review is authorized to make such a finding as a matter of fact (Article 66(c), Uniform Code of Military Justice, 10 USC § 866), and in an appropriate case it may go outside the record in reaching such a conclusion. United States v Thomas and United States v Roland, both supra. However, as we stated in the cited cases, when utilizing documents such as psychiatric reports, the board of review is restricted to using them for the limited purpose of determining whether the issue of sanity was raised. Such reports are mere statements of opinion and not of fact. United States v Thomas, supra.

It seems quite clear that the majority of the board members based their opinion, at least in part, on psychiatric reports gathered subsequent to the time of trial. As such, it was error for the board to dismiss the charges prior to subjecting the issue to appropriate cross-examination. United States v Thomas, supra; Manual for Courts-Martial, United States, 1951, paragraph 144d. As we stated in *Thomas:*

". . . The prosecution and society are entitled to meet the defense testimony, examine defense witnesses, and other testimony in rebuttal." [*Id.*, at page 168.]

By remanding this case for appropriate action, the rights and interests of the accused, society, and the Government will be preserved.

The certified question is answered in the negative. The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Chief Judge QUINN and Judge FERGUSON concur.