May 25, 1972

No. 72–13  Steven J. Meredith, PVT, U. S. Marine Corps v United States Navy Court of Military Review (Panel No. 2); Honorable Charles Timblin, CAPT, JAGC, USN, Senior Judge; Honorable Robert C. Lehnert, COL, USMC, Judge; and Honorable J. Fielding Jones, Judge.

A Petition for Writ of Mandamus and a Petition for New Trial having been submitted in the above-entitled case, it appears from the matters presented in support of accused's Petition that the accused was, at the time of the decision of the Court of Military Review and constructive service upon him, mentally incapable of understanding the nature of the appellate proceedings in his case. Such has the effect of tolling appellate review in his case and renders the decision of the said Court a nullity.

**671**

United States v Thomas, 13 USCMA 163, 32 CMR 162 (1962); United States v Bell, 7 USCMA 744, 23 CMR 208 (1956); United States v Korzeniewski, 7 USCMA 314, 22 CMR 104 (1956). Accordingly, it is necessary for the Court of Military Review to reconsider the accused's case, after first determining that he is presently able to comprehend the proceedings against him. At such time, it may consider the post-trial information regarding his mental condition at the time of trial and time of the offenses, in light of the evidence thereto presented at the trial level. Manual for Courts-Martial, 1969, Paragraph 120; United States v Thomas, supra.

The Petition for New Trial is returned to The Judge Advocate General without action, as accused's case is not presently pending before this Court, within the meaning of Article 73, Uniform Code of Military Justice, 10 USC § 873.