UNITED STATES, Appellee,

v.

Specialist Four Aaron S. McCRAY, SSN
249–21–8912, United States
Army, Appellant.

CM 443328.

U.S. Army Court of Military Review.

13 Aug. 1984.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire, JAGC, Captain Stephen R. Dooley, JAGC, Captain Warren G. Foote, JAGC, Captain Vivian B. Wiesner, JAGC, and Captain David L. Carrier, JAGC, were on the pleadings for the appellant.

Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, Captain Frederick A. Johnson, JAGC, and Captain Debbie J. O'Bryan, JAGC, were on the pleadings for the appellee.

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

In July 1983, this Court, pursuant to a motion by appellate defense counsel, ordered that a sanity board be convened to review appellant's mental condition at the time of his offenses, at the time of trial, and during his appeal. Although the issue of appellant's sanity had been litigated at trial and resolved adversely to appellant, allegations contained in appellate defense counsel's motion warranted further inquiry. The sanity board's response to this Court's order was inconclusive with respect to appellant's mental condition at the time of his offenses and at the time of trial since appellant was unable to recall the relevant events. The board found that appellant did not possess sufficient mental capacity to participate in his appeal. The board opined that after six months appellant's mental condition would improve to the point that he might be able to participate in his appeal. After six months passed this Court again ordered that a sanity board be convened. The findings of the latest sanity board are:

(1) At the time of the alleged offenses, as a result of mental disease or defect, the appellant did lack substantial capacity to appreciate the criminality of his conduct and to conform his conduct to the requirements of law.

(2) At the time of trial, the appellant did not possess sufficient mental capacity to understand the nature of the proceedings against him and to conduct or cooperate intelligently in his defense. He was aware of only one or possibly two of the many charges brought against him.

(3) At the present time, the appellant does possess sufficient mental capacity to understand the nature of the proceedings and to intelligently conduct or cooperate in the appeal process. He is, however, still psychotic, and is receiving high doses of medication, Stelazine 10 mgm, P.O. tid. He is not yet fully aware of all the offenses of which he was convicted.

The sanity board reports present three initial questions:

(1) Is appellant now mentally competent to participate in the appellate review of his case?

(2) Does the evidence raise the issue of appellant's mental responsibility at the time of the alleged offenses?

(3) Was appellant mentally competent to stand trial?

The evidence before us is insufficient to answer the first question. However, we proceed to the second question for two reasons. First, because it presents a purely legal question and communication between appellant and his counsel is not necessary for resolution of such issues. *United States v. Jacks,* 8 U.S.C.M.A. 574, 25 C.M.R. 78 (1958). Second, because the United States Court of Military Appeals has held that we may do so if we deem that order of procedure to be appropriate. *United States v. Thomas,* 13 U.S.C.M.A. 163, 32 C.M.R. 163 (1962). We hold that the evidence does raise the issue of appellant's mental responsibility at the time of the offense. This holding moots the final question posed by the reports.

Appellate defense counsel ask us to dismiss the charges, arguing that the sanity board reports establish that there is a reasonable doubt that appellant was mentally

responsible at the time of the offenses. Government counsel ask us to affirm the findings and sentence, arguing that the evidence in the record of trial establishes appellant's mental responsibility at the time of the offenses beyond reasonable doubt. We accede to neither request.

 In a case where new information is obtained after trial, and that evidence, when considered in conjunction with the evidence in the "entire record," raises the issue of appellant's mental responsibility at the time of the offenses, this Court may order a rehearing (or new trial, if appropriate) or this Court may dismiss the charges. The latter course of action is permissible *only* if the Government does not contest dismissal or if this Court determines that the evidence of sanity at a rehearing or new trial would be clearly insufficient to sustain the Government's burden of proof and hence that there is no practical reason for litigating the issue. *United States v. Roberts*, 18 M.J. 192 (C.M.A.1984); *United States v. Thomas, supra;* Manual for Courts-Martial, United States, 1969 (Revised edition), para. 124; Dep't of Army, Pamphlet No. 27–2, Analysis of Contents Manual for Courts-Martial, United States, 1969 (Revised edition), pp. 24–4, 5 (1970). Since neither circumstance exists in the case at bar, we deny the request that we dismiss the charges.

 In a case where new information raises the issue of appellant's mental re-

sponsibility at the time of the offenses, a Court of Military Review is not empowered to conduct a trial *de novo*. The issue is to be resolved at a proceeding where the Military Rules of Evidence apply. *United States v. Roberts; United States v. Thomas*, both *supra.* Since we have determined that in this case the new information considered with the evidence in the "entire record," has raised the issue of mental responsibility, we deny the request that we affirm the findings and sentence.

We will instead set aside the findings of guilty and sentence and authorize a rehearing. Obviously, the interlocutory question of appellant's mental capacity to participate in such proceedings must be resolved by the trial court prior to proceedings on the merits. *United States v. Williams*, 5 U.S. C.M.A. 197, 17 C.M.R. 197 (1954).

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Judge NAUGHTON and Judge COHEN concur.