OPINION OF THE COURT ON FURTHER REVIEW
WOLD, Senior Judge:
On 30 September 1983, this Court set aside the findings of guilty as to Charge II and its specification, affirmed the remaining findings of guilty and authorized a rehearing on the reversed findings and the sentence if practicable. United States v. Martin, CM 443064 (ACMR 1983) (unpub.). The convening authority determined that a rehearing was impracticable, dismissed Charge II and its specification, and reassessed the sentence on the basis of the affirmed findings of guilty. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for 21 months, and reduction to Private E-l.
In August 1983, prior to this action by the convening authority, appellant was transferred from the United States Disciplinary Barracks to the Federal institution at Springfield, Missouri, for “intensive psychiatric treatment.” He returned to the United States Disciplinary Barracks on 18 November 1983.
On 29 November 1983, approximately 22 months after the alleged offenses and 18 months after his trial, appellant underwent a mental status evaluation performed by Lieutenant Colonel Matthew E. Levine, M.D., Chief, Psychiatry Division, United States Disciplinary Barracks. The examination was conducted pursuant to a request by the staff judge advocate, and was completed in ninety minutes. Doctor Levine diagnosed appellant as having had a mental disease or defect at the time of the offenses, specifically:
Schizophrenia, chronic undifferentiated type, manifest by ambivalence, incoherence, auditory hallucinations, bizarre and peculiar behavior, self mutilative behavior, inappropriate affect, and poor judgment.
Appellant was also diagnosed as: “Mixed Personality Disorder with borderline, antisocial, narcissistic, and passive-aggressive features.”
Doctor Levine concluded that although appellant had not lacked substantial capacity at the time of the offense to appreciate the criminality of his conduct, he had lacked substantial capacity to conform his conduct to the requirements of the law. Doctor Levine also determined that appellant “does possess sufficient mental capacity to understand the nature of the proceedings against him and to conduct or cooperate intelligently in his defense.”
Doctor Levine’s diagnosis stands in marked contrast to the psychiatric examination conducted by military doctors prior to trial, who determined that appellant was sane and did not suffer from a mental disease or defect. Appellant contends the post-trial diagnosis by Doctor Levine is new information which raises a serious doubt as to appellant’s mental status at the time of the offense and that at a minimum he should receive a rehearing. We disagree and affirm.
Military law accords special consideration to questions concerning an accused’s sanity. United States v. Triplett, 21 U.S.C.M.A. 497, 45 C.M.R. 271 (1972). When new information produced after trial “raises an issue” concerning an accused’s mental responsibility at the time of the *477 offense, the affected charges may be dismissed or a new trial or rehearing may be directed upon appellate review. Paragraph 124, Manual for Court-Martial, United States, 1969 (Revised edition), Change 3 (1980). However, appellant is not to be tried de novo at the appellate level. United States v. Schick, 6 U.S.C.M.A. 493, 20 C.M.R. 209 (1955).
The critical issue in the case at bar is whether the post-trial psychiatric report, rendered twenty-two months after the offense, raises the issue of appellant’s sanity. The fact that the report disagrees with appellant’s pretrial mental status evaluation does not necessarily suffice. The test to be applied is “whether, considering all the matter on the issue, a different verdict might reasonably result if the issue was again presented to a court-martial.” United States v. Triplett, 45 C.M.R. at 277.
Applying this test, we are convinced that the issue of appellant’s mental responsibility at the time of the offense has not been raised. The post-trial psychiatric report is only one of many factors to be considered. United States v. Brazil, 4 M.J. 668 (ACMR 1977). Appellant was psychiatrically evaluated by military doctors before his original trial, and they determined that he did not suffer from a mental disease or defect. Additional evidence of appellant’s sanity is manifest in his trial, including the rational and coherent nature of appellant’s dialogue with the military judge during the providence inquiry and of appellant’s extensive sworn testimony prior to sentencing. Due to the limited nature of the post-trial examination and the length of time which elapsed between the date of the offense and the post-trial mental examination, the post-trial report is entitled to little weight when compared with the original report, at least in the absence of any evidence that these factors should be discounted in the assessment of its probative value. Thus, it is not reasonable to suppose that a different verdict would result from a rehearing. See United States v. Brazil, 4 M.J. 668 (ACMR 1977); United States v. Bledsoe, 16 M.J. 977 (AFCMR 1983); United States v. Gay, 16 M.J. 586, 604 (AFCMR 1983).
The findings of guilty as to Charge I and its specification and Specifications 2 and 3 of Charge III and Charge III were previously affirmed. We now affirm the sentence as reassessed by the convening authority.
Judge FELDER and Judge NAUGHTON concur.