**UNITED STATES, Appellee,**

v.

**Alfred B. W. FLINT, Specialist Four, U. S. Army, Appellant.**

**No. 30,915.**

U. S. Court of Military Appeals.

June 4, 1976.

---

---

*Susan H. Hewman, Esquire,* argued the cause for Appellant, Accused. With her on the brief were *Joseph Remcho, Esquire, Arpiar G. Saunders, Esquire, David F. Addlestone, Esquire, Colonel Alton H. Harvey, Captain Sammy S. Knight,* and *Captain J. D. Miller.*

*Captain Lee D. Schinasi* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr.,* and *Captain William C. Kirk.*

OPINION OF THE COURT

FLETCHER, Chief Judge:

The decision of the United States Army Court of Military Review is affirmed. In affirming, we adopt the development and analysis of that court in resolving the speedy trial question,[1] except insofar as the court exempted all rehearings, rather than merely *Dubay-type proceedings*[2] *from the*

1. *United States v. Flint,* 50 C.M.R. 865 (ACMR 1975).

2. *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

*Burton*[3] rule. A *DuBay* proceeding, in effect, is utilized to gather additional evidence or to resolve conflicting evidence *before* determining an issue presented to the appellate tribunal. A rehearing, on the other hand, is a trial de novo, to redetermine either an accused's guilt or an appropriate sentence or both. As such, rehearings necessarily fall within the *Burton* mandate, and such rehearings must be held within 90 days of the date the convening authority is notified of the final decision authorizing a rehearing. Inasmuch as the offenses involved in this case all predated the *Burton* decision, the rule has no applicability in this instance.

Judge COOK and Judge PERRY concur.

UNITED STATES, Appellee,

3. *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).