UNITED STATES

v.

Specialist Four Romeo J. CABATIC, 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, US Army, Medical Company, United States Army Medical Department Activity, Japan, APO San Francisco 96331.

CM 432574.

U. S. Army Court of Military Review.

Sentence Adjudged 15 Jan. 1976.

Decided 21 Sept. 1976.

Appellate Counsel for the Accused: CPT Ralph E. Sharpe, JAGC; MAJ Richard J. Goddard, JAGC; MAJ Joe D. Miller, JAGC.

Appellate Counsel for the United States: CPT Dana C. McCue, JAGC: CPT Gary F. Thorne, JAGC; CPT Richard A. Gallivan, JAGC; MAJ John T. Sherwood, JAGC; COL Thomas H. Davis, JAGC.

## DECISION ON FURTHER REVIEW

COSTELLO, Judge:

Appellant twice pled guilty to rape of a housewife and was twice convicted. His first conviction was overturned because an improper term was placed in the pretrial agreement he entered with the convening authority. *United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461 (1975). Now we are asked to overturn his second conviction for lack of timeliness in the conduct of the rehearing ordered pursuant to the *Holland* rule.

We are asked to dismiss these charges because the rehearing was not ". . . held within 90 days of the date the convening authority [was] notified of the final decision authorizing a rehearing." *United*

*States v. Flint*, 1 M.J. 428 (June 4, 1976), citing *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). There is nothing in this case or relevant precedent which requires the result proposed by appellant.

## I

■ Our first reason for affirming this conviction is that the decision in *Flint* did not occur until five months after this case had gone to trial. The consistent practice of the Court of Military Appeals in cases regulating the timeliness of proceedings has been to promulgate rules of prospective application. *See e. g. Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974) and *Burton, supra*. Even the rule in *Flint* did not apply to that case because the offense antedated *Burton*. The rules promulgated in *Burton* and *Dunlap* appear to have had the result desired by the Court of Military Appeals; consequently, we see no reason to suggest that the Court has abandoned its consistent approach to such rulemaking. The rule of *Flint* also is to be applied prospectively, *i.e.*, to rehearings otherwise subject to the rule in *Burton* wherein notification reaches the convening authority after the date of the opinion in *Flint*. That was not the case here, so we find no violation of the rule in *Burton*.

## II

Recognizing the sequence of decision noted above, counsel also urge us to use the *Burton/Flint* rule because *Flint* and this case were in the appellate process at the same time. We take no position on that "rule of equal treatment" asserted by appellant. However, we will assume for the moment that it could operate to make the *Burton* rule applicable here.

■ We make that assumption in order to deal with the facts and circumstances of the processing of this case. First, the order of the Court of Military Appeals caused the

case to be returned to Okinawa, even though appellant and most other principals had long since returned to the Continental United States (CONUS). Ascertainment of the status of the principals and return of the case to a more appropriate convening authority in CONUS consumed the first 36 days after the case reached the convening authority in Okinawa.*

The proceedings after return moved steadily toward trial. Litigation at trial has built a record which shows: (1) A wide-ranging, international search for witnesses, both civilian and military; (2) Appellant's successive requests for counsel from Washington, D.C. and Okinawa; (3) Appellant's requests for extensive data and interrogatory proceedings in Washington which took over 30 days; (4) Appellant's petition to the Court of Military Appeals for release from pretrial confinement and related activities which caused delay and uncertainty at the trial level.

Consequently, even if we were to find here a case otherwise appropriate for the application of a *Burton* presumption, the evidence of record is more than enough to establish extraordinary circumstances warranting longer pretrial preparation. On the facts here, the presumption was overcome. *United States v. Johnson*, 23 U.S.C.M.A. 91, 48 C.M.R. 599 (1974); *United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973).

## III

■ Appellant asserts and the Government concedes that appellant is entitled to credit against his sentence for the period from the referral for rehearing on 28 October 1975 to the commencement thereof. We disagree. That entitlement to credit rises only if there has been no fresh determination that pretrial detention is warranted. *United States v. Blackwell*, 19 U.S.C.M.A. 196, 41 C.M.R. 196 (1970). This record

---

\* Had return to a different convening authority been authorized by the remand, action on the case could have begun in early September, rather than late October, but Army authorities

were bound by the USCMA order. *United States v. Robbins*, 18 U.S.C.M.A. 86, 39 C.M.R. 86 (1969); *United States v. Stevens*, 10 U.S.C.M.A. 417, 27 C.M.R. 491 at note 1 (1959).

is replete with evidence that such a determination was made. In addition to our reliance on the opinions of Chief Judge Quinn and Judge Ferguson in *Blackwell*, we are impelled to this result by the utter unacceptability of the alternative.

An accused whose conviction and sentence have been overturned is entitled to his freedom insofar as there is no longer a valid sentence to justify detention. If there is no sentence to serve, there is none to earn credit toward. Appellant was, however, subject to detention under the usual rules relating to pretrial confinement. *Flint* makes his rehearing a "new trial" and the trial court or convening authority may take into account in fixing sentence the length of such "pretrial confinement." The same period, therefore, cannot bottom a direct credit against the sentence imposed and approved by those same authorities.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge CLAUSE and Judge DONAHUE concur.