## UNITED STATES

v.

**Private E-2, Richard G. AVERY, 490–52–5050, U. S. Army, Company C, 2d Battalion, School Brigade, U. S. Army Southeastern Signal School, Fort Gordon, Georgia 30905.**

### CM 430796.

U. S. Army Court of Military Review.

Sentence Adjudged 6 Oct. 1975.

Decided 30 Sept. 1976.

Appellate Counsel for the Accused: CPT Ronald Lewis Gallant, JAGC; MAJ Richard J. Goddard, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Richard A. Gallivan, JAGC; CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, JAGC.

## OPINION OF THE COURT

O'DONNELL, Judge:

The appellant was originally convicted of unpremeditated murder on 1 November 1973 and sentenced to bad-conduct discharge, forfeiture of $272.00 pay per month for 240 months and confinement at hard labor for twenty years. This Court on appeal set aside the findings and sentence and authorized a rehearing because the trial judge improperly denied the appellant's request for trial by judge alone. At the rehearing, the appellant, consistent with his pleas, was found guilty of the lesser included offense of involuntary manslaughter, in violation of Article 119(b) of the Uniform Code of Military Justice (10 U.S.C. § 919(b)), and sentenced to be confined at hard labor for two years and to forfeit $272.00 pay per month for 24 months. The convening authority reduced the forfeitures to $240.00 per month for 24 months and otherwise approved the sentence.

The appellant contends that the rehearing was not held within 90 days from the date the original conviction was set aside and therefore he was presumptively denied his right to a speedy trial within the meaning of *United States v. Burton*, 21 U.S.C. M.A. 112, 44 C.M.R. 166 (1971), which presumption was not rebutted by the Government.[1]

*Burton* clearly applies to rehearings so long as the accused is in confinement pending the rehearing. The only question is

---

1. The conviction was reversed by this Court on 16 June 1975. That decision, together with the record of trial, was forwarded to the new convening authority by the Clerk of Court by letter dated 15 July 1975. The file was received by the convening authority on 21 July.

when the time begins to run for *Burton* purposes. The Court of Military Appeals answered that question in *United States v. Flint*, 24 U.S.C.M.A. 270, 51 C.M.R. 722, 1 M.J. 428 (1976), by noting that "rehearings must be held within 90 days of the date the convening authority is notified of the final decision authorizing a rehearing." *See also United States v. Kidd*, 24 U.S.C.M.A. 25, 51 C.M.R. 75, 1 M.J. 302 (1975); *United States v. Williams*, 51 C.M.R. 405, 2 M.J. 402 (A.C.M.R.1976).

The Government, in an unusual argument, contends that *Flint* should be applied prospectively only, with the result that *Burton* would not be applicable to the instant case. The argument is wide of the mark.

The crucial question is not the prospective/retroactive application of *Flint*. Rather, it is whether *Burton* is in issue under the facts of this case. *Flint* did not announce a new rule; *Burton* did. All that *Flint* did, for our purposes, was reject the conclusion of the Court below that the rule promulgated in *Burton* did not apply to rehearings. As the rehearing in the instant case was held subsequent to the effective date of *Burton*, we must determine whether the appellant is entitled to relief in accordance with that decision.[2]

■ As noted previously, the convening authority was notified of the final action authorizing a rehearing on 21 July 1975. As the rehearing was held on 6 October 1975, 77 days after notification, the *Burton* rule was never triggered. Testing the delay under pre-*Burton* standards, we are satisfied that the Government proceeded with reasonable diligence in bringing the appellant to trial and that there was no purposeful or oppressive design on the part of the Government to delay the trial. *United States v. Parrish*, 17 U.S.C.M.A. 411, 38 C.M.R. 209 (1968); *United States v. Tibbs*, 15 U.S.C.M.A. 350, 35 C.M.R. 322 (1965).

■ The appellant contends that the military judge failed to advise him of his right

of allocution in accordance with paragraph 53*h*, Manual for Courts-Martial, United States, 1969 (Revised edition). The failure to do so is error. *United States v. Hawkins*, 2 M.J. 23 (September 17, 1976). However, we find no prejudice. Unlike *Hawkins*, where the Court of Military Appeals found prejudice, this appellant testified under oath at great length on extenuation and mitigation. It is apparent that his testimony, together with that of the other witnesses appearing on his behalf, was beneficial. The appellant, facing a maximum punishment of bad-conduct discharge, partial forfeitures, and confinement at hard labor for three years, received no discharge, partial forfeitures, and confinement for two years for an offense involving the death of a fellow soldier.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge FELDER concur.

---

2. We have not overlooked the recent decision of *United States v. Cabatic*, 2 M.J. 985 (A.C.M.R. 21 September 1976), wherein another panel of this Court concluded that *Flint* is to be applied prospectively only; we simply do not agree with it.