438

UNITED STATES, Appellee,

v.

Romeo J. CABATIC, Specialist Four, U.
S. Army, Appellant.

No. 30,698.
CM 432574.

U. S. Court of Military Appeals.

Oct. 22, 1979.

For Appellant: *Captain Ralph E. Sharpe* (argued); *Colonel Alton H. Harvey, Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock* (on brief); *Captain Theodore H. Watts, Captain Carry D. Anderson.*

For Appellee: *Captain Dana C. McCue* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Captain Gary F. Thorne* (on brief).

Opinion of the Court

PER CURIAM: *

On October 3, 1974, the appellant was convicted by general court-martial of rape and robbery;[1] thereupon, he was sentenced to confinement at hard labor for 10 years, forfeiture of all pay and allowances and reduction to the lowest enlisted grade. The convening authority approved the trial results, except he reduced the period of imprisonment to 8 years. The United States Army Court of Military Review affirmed.

On August 21, 1975, this Court set aside the findings and the sentence[2] and authorized a rehearing. *United States v. Cabatic*, 23 U.S.C.M.A. 703 (1975). Such rehearing occurred on January 15, 1976, whereat the appellant moved the trial judge to dismiss the charges against him on the basis of denial of a speedy trial, *viz.*, a speedy rehearing. The motion was denied and, in due course and pursuant to his pleas, the appellant again was convicted of rape and robbery and was sentenced to be confined for 3 years. The convening authority ap-

---

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.

1. Articles 120 and 122, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 922, respectively.

2. *See United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461 (1975).

proved the findings and the sentence and the Court of Military Review affirmed. *United States v. Cabatic*, 2 M.J. 985 (A.C.M. R.1976).

Before this Court now, the appellant points out that in *United States v. Flint*, 1 M.J. 428 (C.M.A.1976), decided nearly 5 months after his rehearing, we held that, as a rehearing is a trial *de novo* to redetermine the accused's guilt and/or an appropriate sentence, rehearings necessarily fell within the mandate of *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), and thus, that rehearings must be held within 90 days of the date the convening authority is notified of the final decision authorizing a rehearing. Of course, as is apparent from the above chronology, the appellant's rehearing date exceeded the time limit somewhat and the appellant now prays that we apply our holding in *Flint* and dismiss the charges of which he was convicted. We decline to do so, believing that our holding in *Flint* appropriately is to be applicable only to rehearings conducted after the date of that decision, June 4, 1976.

The Court in *Flint* announced a new rule of procedural law, for prior to that time the law of the Court was that Articles 10 and 33—the statutory foundation of the *Burton* decision—"do not directly apply to the period of time between reversal of conviction and retrial." *United States v. Blackwell*, 19 U.S.C.M.A. 196, 198, 41 C.M.R. 196, 198 (1970).[3] *See United States v. Flint*, 50 C.M.R. 865 (A.C.M.R.1975); *United States v. Morrow*, 49 C.M.R. 866 (N.C.M.R.1974). As the newly announced procedure did not seek "to overcome an aspect of the criminal trial that *substantially* impairs its truth-finding function" so as to raise "*serious* questions about the accuracy of guilty verdicts in past" courts-martial, *see Hankerson v. North Carolina*, 432 U.S. 233, 243, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), retroactive application of it is not required. And under the analysis of *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), reiterated in *Daniel v. Louisiana*, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975), and followed by this Court in determining such questions,[4] we conclude that retroactive application is not appropriate. The purpose to be served by the *Flint* mandate was to expedite the rehearing process and retroactive application of it would have no effect on the timeliness of rehearings already held. Further, law enforcement and judicial authorities justifiably have relied upon the law of *Blackwell*[5] and practitioners in the military justice system normally ought not be expected to wager on the future direction of the law, but rather must be held to a strict enforcement of the existing law. Finally, if *Flint* were applied retroactively, virtually every rehearing held after the date of the *Burton* decision would be brought into question, and this appears to be an unnecessary adverse impact on the integrity of the system under these circumstances.

The decision of the United States Army Court of Military Review is affirmed.

COOK, Judge (concurring in the result):

My view of *United States v. Flint*, 1 M.J. 428 (C.M.A.1976), is different from that of

---

**3.** We note that there has been a split among the panels of the Army Court of Military Review regarding whether *Flint* announced any new rule at all. *Compare United States v. Cabatic*, 2 M.J. 985 (A.C.M.R.1976), *with United States v. Avery*, 2 M.J. 1004 (A.C.M.R.1976). However, even in *Avery*, where the court held that *Flint* did not establish a new rule and, thus, should be retroactively applied, the court recognized that *Flint* "reject[ed] the conclusion of the Court below that the rule promulgated in *Burton* did not apply to rehearings." *United States v. Avery, supra* at 1005. This impliedly acknowledges that *Flint* did, indeed, announce a new rule as to *rehearings*. The appellant

argues that this Court signalled application of *Burton* to rehearings as early as our decision in *Kidd v. United States*, 1 M.J. 302 (C.M.A.1975), decided November 14, 1975. While there is some *dicta* therein which might suggest such a future change, it was not an issue squarely addressed and resolved by the Court.

**4.** *See United States v. Mixson*, 5 M.J. 236 (C.M.A.1978); *United States v. Cannon*, 5 M.J. 198 (C.M.A.1978); *United States v. Jackson*, 3 M.J. 101 (C.M.A.1977).

**5.** Trial counsel, in fact, forcefully argued *Blackwell* as the existing law.

the majority. In my opinion, *Flint* implies retroactivity. Thus, the Court held that the *Burton*[1] presumption of prejudice was inoperative, not because the *Flint* decision constituted a new rule of law, but because "the offenses . . . predated the *Burton* decision." *Id.* at 429. Even if that language is not construed as I construe it, two other factors impel me to conclude that the rule applies. First, the Court's perception of a rehearing as a continuation of the original proceedings should have alerted the Government to the fact that the *Burton* rule applies to a rehearing. Secondly, I agree with defense counsel that, as accused's case was pending appeal before the Court of Military Review when this Court granted review in *Flint*, the rule of law of *Flint* should apply. *See United States v. Frederick*, 3 M.J. 230, 238 (C.M.A.1977); *United States v. Jackson*, 3 M.J. 101, 104 (C.M.A.1977) (Cook, J., dissenting).

As to whether the accused has been denied a speedy trial, the first consideration is determination of the period of the government's accountability. The accused contends the period began on September 3, 1975, the date a mandate would have been issued by the Court under Rule 58 of the Court's then Rules of Practice and Procedure (Jan. 1, 1975). Actually, no mandate was required as the Court had remanded on an order. *Flint* says that, as regards a rehearing, the beginning date is "the date the convening authority is notified of the final decision authorizing a rehearing." That date was never specifically proved at trial, but, from a note on the back of the letter of transmittal of the record to the convening authority, it appears that the date was September 17. The closing date is the day of trial or its functional equivalent. *United States v. Marell*, 23 U.S.C.M.A. 240, 49 C.M.R. 373 (1974). In my opinion, an Article 39(a), 10 U.S.C. § 839(a) session at which the accused is arraigned constitutes a trial for the purpose of the speedy trial requirement. After arraignment, a trial can continue even if the accused absents himself without authority. *United States v. Johnson*, 7 M.J. 396 (C.M.A.1979). Consequently, the termination date of the period of accountability is December 16. *United States v. Manalo*, 1 M.J. 452 (C.M.A. 1976). The interval chargeable to the Government, therefore, is not 133 days, as contended by the accused, but 91 days.

A 91-day period of delay is sufficient to give rise to the *Burton* presumption of prejudice. The question, therefore, is whether there were extraordinary circumstances to justify the extra time. At least one such circumstance is manifest in the record.

It seems to me, as it did to the Court of Military Review below, that when the record shows the accused has been transferred to the United States from a foreign country to await completion of appellate review and there is, as here, a strong likelihood that, in the time between conviction and completion of review, the witnesses may be dispersed, return by this Court of the record to the original convening authority in the foreign country imposes a burden upon him in regard to the feasibility of a rehearing that is not present in the usual case. Here, a serious question existed in regard to compelling the victim, who had transferred to the United States, to testify under subpoena. In this situation, the convening authority must have a reasonable time within which to determine whether to refer the record to another authority. The beginning of the period of accountability, therefore, cannot be September 17, the date of receipt by the original convening authority of notification of this Court's reversal, but a reasonable time thereafter. Arguably, the actual time taken here by the convening authority to resolve the matter and to write to Fort Leavenworth to request the appropriate commander to assume jurisdiction was not an unreasonable interval. To allow him just 1 day of that time reduces the period of accountability to 90 days, and precludes a presumption of prejudice. As there is no evidence of actual prejudice, the accused was not denied a speedy trial.

For the reasons indicated, I join in affirming the decision of the United States Army Court of Military Review.

---

1. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).