**UNITED STATES, Appellee,**

v.

**Radioman Third Class Robert O. ROBERTS, U.S. Navy, Appellant.**

No. 45407.

NMCM 80 2833.

U.S. Court of Military Appeals.

July 16, 1984.

For Appellant: *Lieutenant Daniel Lippman,* JAGC, USNR (argued); *Lieutenant John M. Feagan,* JAGC, USNR (on brief); *Charles Schiesser,* Esquire.

For Appellee: *Lieutenant Commander R. Clayton Seaman, Jr.,* JAGC, USN (argued); *Commander W. J. Hughes,* JAGC, USN (on brief).

*Opinion of the Court*

FLETCHER, Judge:

On February 4, 1980, appellant was found guilty of being absent without authority, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The military judge at this special court-martial sentenced appellant to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $150.00 pay per month for 4 months and reduction to pay grade E–3. The convening authority and the supervisory authority approved this sentence. The United States Navy-Marine Corps Court of Military Review affirmed the findings of guilty and the sentence on December 16, 1982.

This Court specified the following issue for review:

WHETHER THE COURT OF MILITARY REVIEW ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT WHEN IT DIRECTED THAT THE INQUIRY INTO HIS SANITY AT THE TIME OF THE COMMISSION OF THE OFFENSE BE HEARD BY A MIL-

ITARY JUDGE AT A *DUBAY* PRO-
CEEDING RATHER THAN BY A
COURT–MARTIAL EMPOWERED TO
DECIDE THE ULTIMATE ISSUE
SINCE A DETERMINATION THAT HE
WAS NOT SANE WOULD HAVE RE-
SULTED IN NOT GUILTY FINDINGS
AS TO THE OFFENSE.

We note that a *DuBay* * hearing is not a rehearing or trial *de novo* to redetermine an accused's guilt. It is a proceeding "utilized to gather additional evidence or to resolve conflicting evidence *before* determining an issue presented to the appellate tribunal." *See United States v. Flint*, 1 M.J. 428, 429 (C.M.A. 1976). With this distinction in mind, we hold that the Court of Military Review did not err in ordering a *DuBay* proceeding to assist it in resolving appellant's post-trial sanity claims. *See United States v. Jackson*, 17 U.S.C.M.A. 681 (1968).

Appellant had no objection to this procedure at the Court of Military Review. At the close of evidence at the *DuBay* hearing, appellant's counsel correctly asserted, "I want to make only one point on the record[:] that if we reach the issue of mental responsibility, we have not waived and we demand trial by court members on that issue." This statement demonstrates cognizance of the limited issue presented to the Court of Military Review: whether sufficient post-trial evidence existed to warrant an order to rehear the issue *de novo* or other appropriate action. *See United States v. Triplett*, 21 U.S.C.M.A. 497, 45 C.M.R. 271 (1972); *United States v. Wimberley*, 16 U.S.C.M.A. 3, 36 C.M.R. 159 (1966).

The Court of Military Review, by ordering a *DuBay* hearing in addition to a sanity board under paragraph 121, Manual for Courts-Martial, United States, 1969 (Revised edition), apparently was giving the trial judge and the convening authority an opportunity to decide this limited issue. It is clear that this was lucidly understood by the convening authority, who stated in his trial-judge-referral order:

Should the accused introduce evidence sufficient to place in issue the questions of his capacity or responsibility, then the government and the accused will be afforded a complete hearing on the matter or matters in issue.

■ After the *DuBay* hearing, however, the military judge issued detailed findings of fact and conclusions of law—all of which go to resolution of the ultimate issue of mental capacity and responsibility at the time of trial and of the offense. This was manifestly not the issue to be resolved by the *DuBay* hearing as was clearly stated originally, *supra*, by the convening authority in his referral order. This error was further perpetuated in the staff judge advocate's review, which advised the convening authority to make the same findings. The opinion of the Court of Military Review further confused the issue by seemingly reflecting the findings of the *DuBay* judge and deciding the issue of capacity and responsibility—all the while implicitly admitting that sufficient evidence had been introduced to raise the narrow issue they should have decided.

Our reluctance to affirm the decision of the Court of Military Review is based on the manner in which the lower appellate court ultimately resolved appellant's post-conviction sanity claims after the *DuBay* hearing. The precise issue before the lower appellate court was whether appellant was entitled to a rehearing on the questions of his mental capacity to stand trial and his mental responsibility at the time of the offense. *See United States v. Triplett, supra*. Our examination of the Court of Military Review decision does not convince us that these questions were answered.

More particularly, the Court of Military Review in deciding this case expressly relied on *United States v. Martinez*, 12 M.J. 801 (N.M.C.M.R. 1981), *pet. denied*, 13 M.J. 232 (1982), and *United States v. Bush*, 14 M.J. 900 (N.M.C.M.R. 1982). These cases involve situations where either the issue of mental capacity to stand trial or the issue

---

* *United States v. DuBay,* 17 U.S.C.M.A. 147, 37    C.M.R. 411 (1968).

of mental responsibility at the time of the offense was raised at trial, fully litigated, and ruled on by the trial judge. The Court of Military Review during the course of these appeals subsequently weighed and balanced the evidence raised at trial to determine beyond a reasonable doubt these same questions. These *de novo* evaluations of the evidence were conducted pursuant to the Court of Military Review's responsibility under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to independently determine the mental capacity and mental responsibility of an accused. *See United States v. Martinez, supra* at 808 n.5.

In appellant's case, information concerning his mental condition was first presented by appellate exhibits filed at the Court of Military Review and by evidence taken at a subsequently ordered *DuBay* proceeding. In this situation, the precise issue before the lower appellate court was whether, on the basis of the entire record of trial, including the new information, appellant was entitled to a rehearing on the question of his mental capacity or his mental responsibility. *United States v. Triplett, supra.* An appellant is not entitled to a rehearing at the trial level simply because new or additional information was presented to the appellate court. *Id.* By the same token, appellant does not forfeit his right to seek a rehearing simply because the appellate court utilized a *DuBay* proceeding to gather evidence to assist it in deciding this question. *See United States v. Flint, supra;* paras. 92a and 81b (1), Manual, *supra.*

Judge Duncan, dissenting in *United States v. Triplett, supra,* on a different point, succinctly stated the contours of the issue facing the Court of Military Review in this situation. "The majority considers whether or not it (new information) is of such 'content and weight' that 'considering all the matter on the issue, a different verdict might reasonably result.' " *Id.* at 505. Although this question requires an analysis of the weight and content of the post-conviction sanity information in light of the entire record of trial, it is done for a more limited purpose than the *de novo* evaluations in *United States v. Martinez* and *United States v. Bush,* both *supra,* and the results may differ.

In view of the Court of Military Review's indiscriminate reliance on *United States v. Martinez* and *United States v. Bush,* both *supra,* and its failure to resolve appellant's post-conviction sanity claims in the manner provided in *United States v. Triplett, supra,* we are unable to affirm its decision. A reconsideration of its decision in light of our decision in *United States v. Triplett, supra,* is appropriate.

Accordingly, the decision of the United States Navy-Marine Corps Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Navy for resubmission to the Court of Military Review for further proceedings.

EVERETT, Chief Judge (concurring in the result):

After a military judge sitting as a special court-martial had convicted Roberts of unauthorized absence, a psychiatric report received by the United States Navy-Marine Corps Court of Military Review led it to conclude that further inquiry was warranted as to appellant's mental condition. *See* para. 124, Manual for Courts-Martial, United States, 1969 (Revised edition). Therefore, the court entered an interlocutory order that a board of officers be convened to make findings as to appellant's present mental capacity, his capacity at the time of trial, and his mental responsibility at the time of the offense. *See* paras. 121 and 124, Manual, *supra.* The order also required that a *DuBay*[1] hearing be conducted, "at which hearing the full report of the board shall be considered by the military judge, who will hear the contentions of the respective parties, and enter findings and conclusions of law."

In my view, the Court of Military Review acted quite properly in ordering the *DuBay*

1. *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

hearing. As we have recognized elsewhere, "disputed facts and opinions can better be tested in the crucible of examination at trial." *See United States v. Triplett*, 21 U.S.C.M.A. 497, 503, 45 C.M.R. 271, 277 (1972). In the case at bar, the *DuBay* hearing allowed the evidence about appellant's mental condition to be considered by a military judge under the rules of evidence that govern at a trial. Moreover, he could evaluate the candor, demeanor, and expertise of the witnesses. Thus, by means of the *DuBay* hearing, the Court of Military Review was providing itself with more accurate and detailed information than if it were limited to the consideration of reports and other documentary evidence.

Under the terms of the interlocutory order, the "general court-martial convening authority" was directed to "take appropriate action, based upon the findings of fact and conclusions of law, to hold further proceedings in abeyance, dismiss the charges, or forward the record for further review by" the Court of Military Review. Thus, if the military judge had determined that Roberts lacked "mental capacity to understand the review proceedings," para. 124, Manual, *supra*, then further proceedings could be held in abeyance until appellant regained his capacity. If the judge had found a lack of mental capacity at the time of trial, then the convening authority was authorized by the order to set aside the findings of guilty and either to hold further proceedings in abeyance or to dismiss the charges outright. If the judge had found that Roberts lacked mental responsibility at the time of the offense, then presumably the convening authority would have set aside the findings and dismissed the charge.

Since, instead, the judge found after the *DuBay* hearing that Roberts was both competent and responsible, the record was returned to the appellate court for further review. At this stage—just as at trial, *cf.*

Article 51(b), Uniform Code of Military Justice, 10 U.S.C. § 851(b)—a distinction must be made between mental capacity and mental responsibility. As to the latter, paragraph 124 of the Manual provides that reviewing authorities may direct "a new trial or rehearing, as may be appropriate under the circumstances of the case." On the other hand, there is no similar provision with respect to mental capacity. Therefore, I conclude that mental capacity may be finally determined by the Court of Military Review; and in making this determination it may give the same weight to the judge's findings at the *DuBay* hearing that it would have given to a trial judge's findings that the accused was competent, if the issue of mental capacity had been originally litigated at trial.

According to the Manual, reviewing authorities may either dismiss "the affected charges" or direct "a new trial or rehearing", "[w]hen further inquiry after trial produces new information *which raises an issue concerning mental responsibility at the time of the offense.*" (Emphasis added). In view of this language, the Court of Military Review is not free to decide the issue of mental responsibility—as it may do with respect to mental capacity. Instead, it may only determine whether the "new information" obtained after trial "raises an issue concerning mental responsibility"; and if that issue is raised, then that court must direct either dismissal of the charges or "a new trial or rehearing."

The *DuBay* hearing ordered by the Court of Military Review was a suitable means for obtaining and evaluating "new information" about Roberts.[2] However, the *DuBay* hearing was not itself the "rehearing" to which paragraph 124 of the Manual refers. *See also* para. 81*b*, Manual, *supra*. A principal reason why the *DuBay* hearing ordered in this case did not qualify as a "rehearing" under paragraph 124 is that at a "rehearing," an accused may insist on trial by the members of the

---

2. Perhaps the judge who conducted the *DuBay* hearing could have rendered an even greater service to the Court of Military Review by mak-

ing a finding as to whether the issue of mental responsibility at the time of the offense was "raised."

court-martial, even though originally he had been tried by a military judge alone. This rule, in turn, probably stems from the provision of Article 16 of the Code, 10 U.S.C. § 816, that an accused, *"knowing the identity of the military judge* and after consultation with defense counsel," may request trial by judge alone. (Emphasis added.)

Perhaps an exception might be recognized if the *DuBay* hearing took place before the same judge who tried the case originally without members. In that instance, the accused could not complain that issues were being decided by a judge whose identity was unknown to him when he waived trial by members. Moreover, the *DuBay* hearing could in that event be analogized to a post-trial hearing before the judge who conducted the trial. *Cf. United States v. Brickey*, 16 M.J. 258 (C.M.A. 1983). However, at this time I shall not pursue further the existence of such an exception, because here the *DuBay* hearing did not take place before the judge who originally tried the case. Instead, I join in remanding the case to the Court of Military Review for determination whether, in light of all the information before it, an issue of mental responsibility at the time of the offense has been raised. *See also United States v. Triplett, supra.*

COOK, Senior Judge (concurring in part, dissenting in part):

I quite agree with my Brothers that appointment of a "121"[1] board and a *DuBay*[2] hearing were appropriate vehicles for the Court of Military Review to inquire further into the mental condition of appellant. Authority for these actions may be found in paragraph 124, Manual for Courts-Martial, United States, 1969 (Revised edition), entitled "Action by Convening or Higher Authority," which provides:

After consideration of the record as a whole, if it appears to the convening or appropriate higher authority that a reasonable doubt exists as to the sanity of the accused, the findings of guilty affected by that doubt should be disapproved and appropriate action taken with respect to the sentence. If the doubt relates to mental capacity at the time of trial, a rehearing may be directed when the incapacity no longer exists.

*Convening or higher authorities will take the action prescribed in 121 before taking action on the record of trial when it appears from the record or otherwise that further inquiry as to the mental condition of the accused is warranted in the interest of justice, regardless of whether the question was raised at the trial or how it was determined if raised.* When further inquiry results in a determination that the accused lacks the mental capacity to understand the review proceedings, a conviction may not be approved or affirmed under Articles 64, 65, or 66 until the accused regains the requisite mental capacity. However, this should not cause a delay in making a determination in favor of an accused which will result in the setting aside of a conviction. *When further inquiry after trial produces new information which raises an issue concerning mental responsibility at the time of the offense, the affected charges and specifications may be dismissed and appropriate action taken on the sentence or a new trial or rehearing may be directed, as may be appropriate under the circumstances of the case.*

(Emphasis added.)

As is apparent, that paragraph also dictates the options available when new information is presented "which raises an issue concerning [the] mental responsibility" of an accused "at the time of the offense." *Id.* Those options include: dismissal, new trial, or rehearing. Conspicuously absent from the list is affirmance. The President's authority to establish such a procedure can

1. Paragraph 121, Manual for Courts-Martial, United States, 1969 (Revised edition)—appointment of one or more physicians to observe an accused and report on his sanity.

2. *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

scarcely be doubted. Article 36, Uniform Code of Military Justice, 10 U.S.C. § 836.

Knowing what to do once a mental-responsibility issue has been raised is much easier than knowing when it has been raised. *See United States v. Triplett*, 21 U.S.C.M.A. 497, 503, 47 C.M.R. 271, 277 (1972). However in this case, at the *Du-Bay* hearing, a psychiatrist testified that appellant was insane at the time of the commission of the offense. This opinion was seconded by appellant's father, a medical doctor, who had earned both a bachelor's and master's degree in abnormal psychology. Other members of appellant's family also catalogued appellant's bizarre behavior spanning several years prior to the charged offense.

I do not suggest that a rational fact-finder could never find appellant sane on the basis of the evidence presented at the *Du-Bay* hearing; rather I suggest that the issue of appellant's mental responsibility was certainly raised. That being the case, appellant is entitled to a rehearing or new trial by court-martial, or else to have the charges dismissed. Accordingly, I would set aside the findings of guilty and return the record of trial to the Judge Advocate General of the Navy for either dismissal of the charges, or referral of the record to an appropriate convening authority for a rehearing or new trial.