UNITED STATES, Appellee,

v.

Steven L. BECKER, Sergeant First
Class, U.S. Army, Appellant.

No. 96–0659.
Crim.App. No. 9400644.

U.S. Court of Appeals for
the Armed Forces.

Argued May 3, 2000.

Decided July 24, 2000.

**230**

EFFRON, J., delivered the opinion of the Court, in which SULLIVAN, J., and COX, S.J., joined. GIERKE, J., filed an opinion concurring in part and in the result and dissenting in part, in which CRAWFORD, C.J., joined.

For Appellant: *Captain Kevin J. Mikolashek* (argued); *Colonel Adele H. Odegard, Major Jonathan F. Potter,* and *Major Scott R. Morris* (on brief); *Captain Thomas Jay Barrett.*

For Appellee: *Captain Katherine M. Kane* (argued); *Colonel Russell S. Estey, Lieutenant Colonel Eugene R. Milhizer* and *Captain Mary E. Braisted* (on brief); *Captain Kelly R. Bailey.*

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer members convicted appellant, pursuant to his pleas, of conspiracy, wrongful appropriation, larceny, and false swearing, in violation of Articles 81, 121, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 921, and 934, respectively. He was sentenced to a dishonorable discharge, total forfeitures, and reduction to E–1. The convening authority approved the adjudged sentence. In an unpublished opinion, the Court of Criminal Appeals affirmed the findings and only so much of the sentence as provides for a dishonorable discharge, forfeiture of $550.00 pay per month until the discharge is ordered executed, and reduction to E–1.

Our Court set aside the sentence and authorized a sentence rehearing. 46 MJ 141 (1997). At the rehearing, appellant was sentenced to a bad-conduct discharge, total forfeitures, and reduction to E–1. The convening authority approved only so much of the sentence as provides for a bad-conduct discharge and reduction to E–1. The Court of Criminal Appeals then affirmed the sentence and directed the Judge Advocate General of the Army to conduct an accounting audit and restore any forfeiture of pay that had been taken improperly from appellant.

On appellant's petition, we granted review of the following issues:

I. WHETHER THE MILITARY JUDGE ERRED AS A MATTER OF LAW WHEN HE DENIED THE DEFENSE MOTION [AT THE REHEARING] TO DISMISS FOR VIOLATION OF APPELLANT'S RIGHT TO A SPEEDY TRIAL GUARANTEED UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND RULE FOR COURTS–MARTIAL 707.

II. WHETHER THE MILITARY JUDGE ERRED AS A MATTER OF LAW AND TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN HE INCORRECTLY INSTRUCTED THE PANEL MEMBERS [AT THE REHEARING], OVER DEFENSE OBJECTION, THAT APPELLANT COULD BE SENTENCED TO A PERIOD OF CONFINEMENT IN EXCESS OF 10 YEARS IN LIEU OF A PUNITIVE DISCHARGE, WHERE HIS ORIGINAL

SENTENCE INCLUDED NO CONFINEMENT.

For the following reasons, we affirm the decision below.

## I. SPEEDY TRIAL REQUIREMENTS AT A REHEARING

### A. BACKGROUND

Subsequent to our June 9, 1997, decision authorizing a rehearing, the record was received by the general court-martial convening authority at Fort Sill, Oklahoma, on July 1, 1997. Over the next 6 months, the record was transferred between commands at Fort Sill and U.S. Army Alaska pursuant to negotiations over who should conduct the rehearing. Subsequently, the convening authority at Fort Sill referred the case for a sentence rehearing on March 27, 1998. The rehearing began on May 13, 1998—338 days after this Court's decision and 316 days after the record had been transmitted to Fort Sill.

Although the rehearing was limited to the sentence, defense counsel moved to dismiss the charges on the ground that appellant had been denied his right to a speedy rehearing under RCM 707, Manual for Courts–Martial, United States (1998 ed.), and the Sixth Amendment. The military judge denied the motion, ruling that RCM 707 was not applicable to a sentence-only rehearing and that the Sixth Amendment had not been violated. In connection with the constitutional claim, the military judge found that appellant had not been under any restraint or confinement during the period in question; that the defense had made no demand for a speedy rehearing; that appellant was "duly employed during this entire time" in his civilian job while on appellate leave; that appellant suffered no specific prejudice from the delay; and that, while the Government "moved slowly," it moved with "reasonable diligence" under the circumstances.

### B. DISCUSSION

1. *Speedy trial considerations in the military justice system*

The right to a speedy trial in the armed forces is governed by constitutional, statuto-ry, and regulatory provisions. *See* U.S. CONST. amend. VI; *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Arts. 10 and 33, UCMJ, 10 USC §§ 810 and 833, respectively; RCM 707(a); *United States v. Kossman,* 38 MJ 258 (CMA 1993). For a period of time, we held that pretrial confinement of an accused for more than 90 days gave rise to a presumption of denial of the statutory right to a speedy trial under Articles 10 and 33. *United States v. Burton,* 21 USCMA 112, 44 CMR 166, 1971 WL 12477 (1971); *United States v. Driver,* 23 USCMA 243, 49 CMR 376, 1974 WL 14085 (1974). Subsequently, the President promulgated RCM 707, establishing a 120–day rule, along with specific criteria for calculating the beginning and end of the 120–day time frame, as well as periods of exclusion.

In *United States v. Flint,* 1 MJ 428, 429 (CMA 1976), and *United States v. Cabatic,* 7 MJ 438 (CMA 1979), we held that rehearings were covered by *Burton's* 90–day presumption. These decisions reflected the applicability of the statutory protections in Articles 10 and 33 to rehearings involving pretrial confinement.

In *Kossman,* we held that in light of RCM 707's 120–day speedy trial rule—which applied without regard to pretrial confinement—it was no longer necessary to apply *Burton's* 90–day speedy trial presumption as a means of ensuring compliance with the statutory speedy trial right in Article 10. 38 MJ at 261–63. Neither *Kossman* nor any of the subsequent speedy trial cases addressed the question of whether RCM 707 provided sufficient guidance with respect to rehearings to satisfy the requirements of Articles 10 and 33 without strict application of the 90–day *Burton* presumption as required by *Flint* and *Cabatic.*

2. *Rehearings and RCM 707*

RCM 707(b)(3)(D) provides:

If a rehearing is ordered or authorized by an appellate court, a new 120–day time period under this rule shall begin on the date that the responsible convening authority receives the record of trial and the

opinion authorizing or directing a rehearing.

Although this provision makes no distinction between a sentence-only rehearing and a rehearing that covers both findings and sentence, other provisions of the rule contain provisions that are not literally applicable to rehearings on sentence. *See, e.g.*, RCM 707(a) and (b)(1) (the accused must be "brought to trial" within 120-day time frame, where "brought to trial" means arraigned); RCM 707(a)(1)–(3) (the trigger for speedy-trial clock is preferral of charges, imposition of pretrial restraint, or entry on active duty); RCM 707(d) (the remedy is dismissal of the affected charges, either with or without prejudice); *see also United States v. Olinger*, 45 MJ 644 (N.M.Ct.Crim.App.1997); *United States v. Wales*, 35 MJ 501 (AFCMR 1992).

The Government contends that these provisions indicate a Presidential intention to exclude rehearings on sentence. Such an interpretation would be problematic under *Kossman*, however, where we relied on the protections of RCM 707 to substitute for the *Burton* 90-day presumption as a means of protecting servicemembers' speedy trial rights under Articles 10 and 33. Under *Kossman*, the absence of regulatory protections implementing Articles 10 and 33 would lead us to either reinstate the *Burton–Flint–Cabatic* 90-day presumption or develop another means of ensuring compliance with these statutes. In that context, we view the absence of language in RCM 707 specifically tailored to sentence-only rehearings as a drafting oversight, rather than as a conscious decision to retain the *Burton–Flint–Cabatic* 90-day presumption.

■ We conclude that the mechanics of RCM 707 can be applied to sentence-only rehearings in a manner that will protect a servicemember's rights under Articles 10 and 33 without applying the *Burton–Flint–Cabatic* 90-day presumption. Absent a modification of the rule by the President, the procedures established under RCM 707 will be applied to sentence-only proceedings in accordance with the following principles. First, the 120-day clock will start on "the date that the responsible convening authority receives the record of trial and the opinion authorizing or directing a rehearing." *See generally* RCM 707(b)(3)(D). Second, the clock will stop when the accused is "brought to" the bar for resentencing—typically, at the first session under Article 39(a), UCMJ, 10 USC § 839(a). *See generally* RCM 707(a) and (b)(1). Third, if the Government has sufficient reason to justify a delay, such as an inability to locate an accused on appellate leave, "all [such] requests for ... delay, together with supporting reasons, will be submitted to the convening authority" prior to referral or, "[a]fter referral, ... to the military judge for resolution." *See generally* RCM 707(c)(1). Finally, the remedy should be tailored to the harm suffered, such as an appropriate sentence credit or, in a case where the delay has interfered with the defense's ability to receive a fair hearing, a sentence to no punishment at all. The remedy set forth in RCM 707(d), dismissal of the charges with or without prejudice, which is appropriate in the usual case of a speedy-trial violation that occurs prior to the trial at which an accused's guilt is to be decided, is not appropriate in the case of an accused whose guilt already has been determined, and affirmed on appeal, and where the only remaining determination is the sentence.

■ We note that the statutory basis for the speedy trial rule under Articles 10 and 33 is pretrial confinement. We also note that the President, in RCM 707, has extended the coverage of the speedy trial rule to include periods dating from preferral of charges, even in the absence of confinement. Similarly, in RCM 707(b)(3)(D), which provides for application of the 120-day speedy trial protection to rehearings, the President did not limit the protection to rehearings in which the accused is in confinement. In that context, we conclude that the application of speedy trial principles to sentence-only rehearings should include cases that do not involve confinement, absent an express provision in the Rule excluding such cases.

In the past, we have held that judicial standards implementing nonconstitutional speedy trial requirements will be given prospective effect only. *See United States v.*

*Cabatic, supra.* Similarly, the principles set forth in our decision today should be applied in a prospective fashion.

### 3. *Applicability to appellant*

Under the foregoing principles, appellant is not entitled to relief, even if we were to retroactively apply these principles to appellant's case. Appellant has asked for dismissal of the charges as his remedy. Such relief would be disproportionate to the harm suffered. Further, he has made no showing that the delay had any impact on his rehearing. *See* Part I.B.4, *infra.*

### 4. *Sixth Amendment considerations*

 The test for determining violations of the Sixth Amendment right to speedy trial was set out in *Barker v. Wingo, supra.* It includes four factors for consideration: (1) length of delay; (2) reasons for the delay; (3) appellant's demand for speedy trial; and (4) prejudice to appellant. 407 U.S. at 530, 92 S.Ct. 2182. Analysis of the facts of this case in light of these factors leads us to conclude that appellant suffered no Sixth Amendment violation.

*Length of delay.* The court below opined:

It is beyond challenge that, in the absence of exceptional circumstances, it should not take the Government 337 days to accomplish a sentence rehearing. By the time the Government had decided which convening authority would conduct the sentence rehearing, 221 days had elapsed.

Unpub. op. at 2. The Government has acknowledged that "this passage of time could satisfy the first factor recognized in *Barker.*" Final Brief at 14. We agree. *See United States v. Grom,* 21 MJ 53, 56 (CMA 1985).

*Reasons for delay.* Although appellant ascribes ill motives to the delays back and forth between Fort Sill, Oklahoma, and Fort Wainwright, Alaska, there is no evidence in the record to support that allegation. Based on the evidence presented, the military judge concluded that, while the pace was slow, the Government had acted with reasonable diligence under all the circumstances. The record supports that conclusion.

*Demand for speedy trial.* Although appellant asserted his speedy trial right at the outset of the rehearing, by that time, of course, the delay had ended. At no time during the more-than-300-day delay did appellant demand a speedy and prompt rehearing.

*Prejudice from the delay.* Appellant has offered no evidence of prejudice that he suffered as a result of the delay. He was not incarcerated or in any other way physically restrained; he remained in his civilian life and at his civilian job virtually throughout the period of delay; and there was no evidence that his ability to present a defense and to receive a fair proceeding and sentence had been impaired. *See Grom, supra* at 57.

Under these circumstances, notwithstanding the lengthy delay, we hold that appellant has suffered no violation of his Sixth Amendment right to speedy trial at his sentencing rehearing.

## II. SENTENCE INSTRUCTIONS

 The initial sentence, prior to our first review of the case, included a dishonorable discharge but no confinement. At the sentence rehearing, the military judge instructed the members, over defense objection, that the panel could adjudge confinement or hard labor without confinement in lieu of the dishonorable discharge, as long as any sentence to confinement was less severe than the punitive discharge. *See generally* Art. 63, UCMJ, 10 USC § 863; *United States v. Smith,* 12 USCMA 595, 597, 31 CMR 181, 183, 1961 WL 4557 (1961). Later, he instructed the members as to their voting procedure and told them that any sentence to confinement in excess of 10 years required the concurrence of three-fourths of the members.

On appeal, appellant contends that the combined effect of these instructions led the members to believe that they could adjudge confinement for 10 years or more in lieu of a punitive discharge. He argues that such lengthy confinement not only is more severe in the abstract than a dishonorable discharge, it is particularly severe in the context of a case in which the sentencing occurred more than 4 years after the trial and where

appellant long before had successfully reentered civilian life.

Notwithstanding the instruction and the arguably increased vulnerability to which it exposed appellant, the sentence adjudged by the members consisted of a bad-conduct discharge (less severe than the available dishonorable discharge) and no confinement. In this light, it is clear that the members, and the sentence that they adjudged, were unaffected by the instruction and that any error was harmless. *See Smith, supra* at 596, 31 CMR at 182.

### III. DECISION

The decision of the United States Army Court of Criminal Appeals is affirmed.

GIERKE, Judge, with whom CRAWFORD, Chief Judge, joins (concurring in part and in the result and dissenting in part):

I agree with the Court of Criminal Appeals that RCM 707 does not apply to sentence rehearings. I disagree with any attempt to stretch the rule to apply to sentence rehearings or to engage in judicial rule-making.

I agree that neither Article 10 nor Article 33 are implicated in this case, because they both are triggered by imposition of arrest or confinement. I agree that the Sixth Amendment was not violated in this case.