*490 CRAWFORD, Judge
(dissenting):
I respectfully dissent because the majority continues a pattern of refusing to give deference to the President’s legislatively mandated rulemaking authority in contravention of established principles of separation of powers. See United States v. Moreno, 63 M.J. 129, 144 (C.A.A.F.2006) (Crawford, J., concurring in part and dissenting in part). Under Article 36, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 836 (2000), the President has the authority to prescribe “[pjretrial, trial, and post-trial procedures, including modes of proof’ unless these provisions are inconsistent with the United States Constitution, or the UCMJ. When one enters a fight as an aggressor or a mutual combatant, even without a weapon, the natural and probable consequences of such action includes the possibility that the fight may escalate and the other side may overcome the aggressor or the mutual combatant. Recognizing the natural and probable consequences of being an aggressor or mutual combatant, the President has promulgated Rule for Courts-Martial (R.C.M.) 916(e)(4), which includes the availability or nonavailability of the defense of self-defense. It provides:
The right to self-defense is lost and the defenses described in subsections (e)(1), (2), and (3) of this rule shall not apply if the accused was an aggressor, engaged in mutual combat, or provoked the attack which gave rise to the apprehension, unless the accused had withdrawn in good faith after the aggression, combat, or provocation and before the offense alleged occurred.
Generally, the prosecution has the burden of proving beyond a reasonable doubt that a defense does not exist. R.C.M. 916(b). However, R.C.M. 916(e)(4) provides that in homicide and assault eases, the right of self-defense is lost where the individual is the aggressor or a mutual combatant.
By refusing to give deference to the President, the majority selectively[1] rejects the hierarchy[2] of this rule set forth by the President. The majority relies on United States v. Cardwell, 15 M.J. 124 (C.M.A.1983), to conclude that the defense of self-defense allows an aggressor to “use deadly force in his own defense, just as he would be if he withdrew completely from combat and was then attacked by his opponent, in instances where the adversary escalates the level of conflict.” I agree that is the proposition put forth in Cardwell,[3] however, I note that Cardwell is another occasion where this Court expanded the law without the authority to do so. Cardwell, decided on March 14, 1983, did not discuss the hierarchy or the hornbook rule *491 that this Court is bound by the President’s rule unless it is unconstitutional or violates a statute. In 1984, the President executed the Manual for Courts-Martial, United States (1984 ed,){MCM). Since 1984, the President has made twelve[4] changes to the MCM, yet, in spite of the ruling in Cardwell, he has never saw fit to modify R.C.M. 916(e)(4) to allow for an aggressor to regain his right to self-defense if the “victim” or adversary escalates the level of conflict. The Cardwell case is not mentioned in the discussion of the rule or in the analysis to the rule. Common sense would seem to indicate that the President has specifically decided not to address or modify the defense of self-defense to allow the aggressor to regain the right to self-defense in situations other than after a complete withdrawal from the affray.
R.C.M. 916(e)(4) is not inconsistent with the punitive articles in the UCMJ. See Articles 77-134, UCMJ, 10 U.S.C. §§ 877-934 (2000). Because the military judge’s instructions were consistent with R.C.M. 916 as created by the President, I would affirm the decision of the United States Navy-Marine Corps Court of Criminal Appeals.

. This is not the first time that this Court has rejected rules set forth by the President. See, e.g., United States v. Mizgala, 61 M.J. 122, 130 (C.A.A.F.2005) (Crawford, J., dissenting in part and concurring in the result) (noting that the majority ignored the waiver rule set forth in R.C.M. 707(e)); see also United States v. Cary, 62 M.J. 277, 280 nn. 1-2 (C.A.A.F.2006) (Crawford, J., concurring in the result) (setting forth several cases in which this Court refused to follow Supreme Court precedent when examining a constitutional right or when interpreting the same or similar statute); see, e.g., United States v. Miller, 63 M.J. 452 (C.A.A.F.2006) (requiring an addition to R.C.M. 910 advice regarding collateral consequences); Moreno, 63 M.J. at 137-44 (setting forth speedy review rules); United States v. Key, 57 M.J. 246, 249 (C.A.A.F.2002) (Crawford, C.J., concurring in part and in the result) (noting that despite the majority’s holding there is no requirement that a staff judge advocate’s recommendation on a request for deferment be served on defense counsel); United States v. Becker, 53 M.J. 229 (C.A.A.F.2000) (applying R.C.M. 707 to sentence rehearings). However, we have recommended the executive engage in rulemaking to eliminate appellate litigation. See e.g., United States v. Buller, 46 M.J. 467, 469 n. 4 (C.A.A.F.1997).

. United States v. Lopez, 35 M.J. 35, 39 (C.M.A.1992) (discussing the hierarchical sources of rights in the military); see also United States v. Scheffer, 523 U.S. 303, 309-18, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (Military Rules of Evidence are binding on the Court of Appeals for the Armed Forces unless unconstitutional).

. In a situation ... where the accused had entered willingly into combat with the expectation that deadly force might be employed, he is not allowed to claim self-defense. However, where an accused in his original attack has not employed deadly force and his adversary then escalates the conflict, he is entitled to use deadly force in his own defense, just as he would be if, after initially attacking, he had withdrawn completely from combat and was then attacked by his opponent.
15 M.J. at 126 n. 3.

. See MCM, Historical Executive Orders app. 25 at A25-1 to A25-77 (2005 ed.).