# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and HAGLER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist KYSEAN A. PETTIS**
**United States Army, Appellant**

ARMY 20160246

Headquarters, 10th Support Group (Regional)
Tiernan P. Dolan, Military Judge
Lieutenant Colonel Marvin J. McBurrows, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Brendan R. Cronin, JA; Captain Cody Cheek, JA (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Captain Austin L. Fenwick, JA; Captain Sandra L. Ahinga, JA (on brief).

30 January 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of three specifications of attempted sexual abuse of a child, one specification of attempted sexual assault of a child, and one specification of fleeing apprehension, in violation of Articles 80 and 95, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 895 (2012 & Supp. II 2015).[1] The military judge adjudged a sentence of a dishonorable discharge and confinement for thirty-eight months. Pursuant to a pretrial agreement, the convening authority approved only a dishonorable discharge and eighteen months confinement.

---

[1] Appellant pleaded not guilty to indecent exposure in violation of Article 120c, UCMJ, which was dismissed pursuant to a pretrial agreement. He also pleaded guilty to a fourth specification of attempted sexual abuse of a child in violation of Article 80, UCMJ, which was dismissed by the military judge after pleas and before findings as a lesser-included offense of the attempted sexual assault charge.

This case is before us pursuant to Article 66, UCMJ. Appellant raises a single assignment of error, which merits discussion but no relief.

## BACKGROUND

Appellant was tried at Camp Foster, Okinawa, on 5 April 2016. At trial, appellant, a twenty-three-year-old man married to another soldier, admitted to engaging in a series of electronic communications with whom he believed to be a fourteen-year-old girl, the daughter of a military family member in Okinawa. Appellant was unaware that the "girl" was actually a Naval Criminal Investigative Services investigator. During the course of these communications, appellant made numerous sexually explicit statements, sent her photos of his erect penis and a video of himself masturbating, and proposed to meet her for sexual activity. Appellant was arrested after approaching the back door of what he thought was the girl's family quarters on Kadena Air Force Base. He attempted to flee from the arresting law enforcement investigators after they identified themselves.

The convening authority approved the sentence on 11 August 2016. This court received the record of trial on 6 January 2017 and docketed the case on 11 January 2017, 153 days after the convening authority signed the action. The government offered no explanation for this post-action delay, which serves as the basis for appellant's sole assignment of error:

> THE DILATORY POST-TRIAL PROCESSING OF APPELLANT'S CASE WARRANTS RELIEF BECAUSE IT TOOK 153 DAYS FROM ACTION TO APPELLATE DOCKETING, WHICH MILITARY COURTS HAVE CALLED [THE] "LEAST DEFENSIBLE" FORM OF DELAY "WORTHY OF THE LEAST PATIENCE."

## LAW AND DISCUSSION

In *United States v. Moreno*, our superior court established timeliness standards for the post-trial and appellate processes. 63 M.J. 129, 142-43 (C.A.A.F. 2006). Of relevance to this case, the record of trial should be docketed with the service court within thirty days of the convening authority's action.[2] *Id.* Failure to meet this standard creates a "presumption of unreasonable delay[,]" prompting this

_____

[2] The convening authority signed the action 128 days after the sentence was adjudged. Fourteen of these days are attributable to a defense-requested extension to submit clemency matters under Rule for Courts-Martial 1105, although appellant later waived his right to submit matters. Thus, we find no violation of the 120-day *Moreno* standard for time between trial and convening authority action. *See Moreno*, 63 M.J. at 142-43.

court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to determine whether the delay violated appellant's due process rights. *Moreno*, 63 M.J. at 142.

The first and second *Barker* factors favor appellant. The length of the post-action delay far exceeds the 30-day *Moreno* standard, and the government offers no explanation to rebut the presumption that such delay is unreasonable. Applying the third *Barker* factor, we find it weighs against appellant, but only mildly. Although appellant could have asserted his right to speedy post-trial processing to the convening authority, we know of no practical mechanism in our current system for an appellant or counsel to monitor the mailing of his record of trial to a service court. As a result, this factor does not weigh heavily in this case.

The fourth *Barker* factor—prejudice—weighs solidly against appellant. Appellant neither alleges prejudice nor offers any evidence that would support a finding that he was prejudiced. Considering the three sub-factors[3] in *Moreno* for post-trial prejudice, we find none present in this case. Our review was not hindered in any way by the post-action delay. There are no other allegations of error, meritorious or not, that this court might have acted upon had we received the case earlier. Further, as we determine the findings and sentence are correct in law and fact and the sentence is appropriate, there is no basis to conclude he was ultimately denied or delayed meaningful relief.

That said, the lack of *Barker* prejudice does not preclude finding a due process violation. In such cases, we will still find a violation "only when, in balancing the other three factors, the delay was so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Appellant highlights other cases in which service courts have granted relief on this basis and urges us to follow suit. In weighing this request, we are aware of the extraordinary facts in *Toohey* that prompted our superior court to conclude such a delay would undermine public confidence in our system.[4] While the delay in the instant case should rightly cause concern to staff judge advocates and other military

---

[3] These are (1) oppressive incarceration pending appeal; (2) particularized anxiety and concern; and (3) impairment of ability to present a defense at a rehearing. *Moreno*, 63 M.J. at 138-41.

[4] "[H]ad Toohey not waited roughly *six years* before the lower court rendered its decision, this court could have conducted its review and returned the case to the lower court for a proper review under Article 66(c), UCMJ, in time for the lower court to afford Toohey meaningful relief, if warranted." *Toohey*, 63 M.J. at 363 (emphasis added).

justice professionals, we are not convinced that public perception will be adversely affected by the length of the post-trial delay.

Finally, appellant asks that we grant relief, even in the absence of a due process violation, relying on *United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002). While we recognize this court's authority to grant such relief, we are further mindful of our superior court's admonishment that, in addressing post-trial delay, "'[t]he remedy should be tailored to the harm suffered . . . .'" *Id.* (quoting *United States v. Becker*, 53 M.J. 229, 232 (C.A.A.F. 2000)). After considering the delay and the entire record, to include appellant's testimony during providency, his unsworn statement at sentencing, and the stipulation of fact, we find the approved sentence is appropriate.

Although we decline to grant sentencing relief, we do not condone the post-action delay in this case. Whether or not any harm results, taking 149 days to mail a two-volume record of trial to this court is patently unacceptable. We encourage judge advocate leaders, who are in a better position than this court to assess the underlying causes of post-trial delay, to provide appropriate resources and, more importantly, leadership emphasis to prevent such delays in future cases.

## CONCLUSION

On consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court